## INEFFECTUAL CORRECTION OF CHARGE TO JURY.

Circuit Court of Cuyahoga County.

THE CITY OF CLEVELAND V. THE STANDARD CONTRACTING COMPANY ET AL.

Decided, May 18, 1908.

*Practice—Objection to Improper Counter-Claim may be Waived—Error in General Charge not Cured by What is Said Colloquolly by the Court to Counsel.*

1. Where several defendants file answers setting up, as against each other, cross-demands in the nature of counter-claims which are within the original jurisdiction of the court, and all parties without objecting thereto join issues and the case proceeds to trial and judgment, the various parties will be considered as having waived the question whether such cross-demands were the proper subject of counter-claim.

2. Where the court has erroneously charged as to the burden of proof and upon the request of counsel that he correct his charge in that respect says, addressing himself to counsel, "Very well, if you insist I will charge that the burden of proof was on plaintiff as to both defendants" without addressing the jury or modifying or withdrawing his original charge, the error committed therein is not cured.

*Newton D. Baker,* for plaintiff in error.

*Lee & Marty, Hoyt, Dustin & Kelly* and *Garfield, Howe & Westenhaver,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The original action in the court of common pleas was commenced by the Standard Construction Co. against the City of Cleveland, the Great Lakes Towing Company and the American Cooperage Co. for negligently damaging plaintiff's pile driver.

The pile driver was situated on the bank of the Cuyahoga river just above the Division street bridge of this city, and the damage to it was caused by the cooperage company's schooner "West Side" running into it. Said schooner was coming up the river in tow of a tug owned by the towing company, and in

rounding the bend in the river and passing said bridge, it collided with the draw, and getting beyond control ran into the bank. The schooner and bridge also suffered damage for which the cooperage company and the city counter-claimed against one another and against the towing company. The city's negligence, as claimed by both the construction company and the cooperage company was that it failed properly to swing its bridge; and both companies recovered against the city, and against it alone. The towing company was charged by each of the other parties with having negligently towed the schooner too fast, but the jury's verdict exonerated it. The cooperage company was charged by the palintiff below and by the city with having mismanaged its schooner, but it also was exonerated by the jury.

The city prosecutes error from the recovery of damages against it by the construction company for injury to its pile driver and by the cooperage company for injury to its schooner as well as for the dismissal of its own cross-petition.

Neither the petition in error nor the record from the trial court discloses any complaint of this extraordinary intermingling of causes of action, unless indeed the point be involved in the overruling of the city's motion for the direction of a verdict in its favor upon the causes for action asserted against it by the plaintiff and one of its co-defendants respectively.

In *Fitzgerald* v. *Cross*, 30 Ohio St., 444, the third paragraph of the syllabus is:

"Where an answer is filed, setting up a cross-demand in the nature of a counter-claim, which is within the original jurisdiction of the court, and the plaintiff without objecting thereto, puts the same in issue and the case proceeds to trial and judgment thereon against the plaintiff: *Held*: That upon error by the plaintiff to reverse such judgment, he will be considered as having waived the question, whether such cross-demand was the proper subject of counter-claim."

And in the opinion of the court by Johnson, J., at page 449, it is pointed out that the plaintiffs "made no objection to this answer, but joined issue thereon by a reply, and contested the

defendant's claim before two juries, and afterwards prosecuted a writ of error in the district court and afterward in this court in neither of which is it specially assigned for error that this cross-action was not a proper counter-claim. On the contrary, several of the assignments of error are predicated on the charge of the court on this cross-demand, which assumed the defendant's right to recover something if it was proved."

So in this case before us, the co-defendants joined issues as between themselves and without objection submitted to trial thereof by jury. The motion interposed during said trial for the direction of a verdict upon grounds other than the one now under discussion can hardly be said to challenge the court's right to adjudicate on its merits, an alleged counter-claim of this sort. On the contrary, it expressly invokes the jury to return any verdict at all upon the issues joined.

The parties seem to have all assumed that the counter-claims were properly pleaded in this action, under the provisions of Section 5069, Revised Statutes, as follows:

"A counter-claim is a cause of action existing in favor of a defendant, and against a plaintiff or another defendant or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

The words, "or another defendant or both," in this section, were not a part of our original code and are not found in the code of any other state (*Pomeroy's Code Remedies,* Fourth Ed., 474, note; Bates' Pleading and Practice, 105). Without them there could be no shadow of pretense that co-defendants could as such counter-claim against one another. The question is not one, however, which we can feel authorized to raise and decide of our own motion in this case wherein the parties themselves have ignored it. Hence, so far as this question is concerned, the verdict and judgment recovered by the defendant cooperage company against its co-defendant, the city of Cleveland, will not be disturbed. Nor do we find any errors in the record in re-

spect to the adjudication of any of the issues joined between or among the defendants below.

As to the judgment recovered by the plaintiff below, we can not consider any of the errors assigned which involve either the weight of the evidence or what it tends to prove; for the bill of exceptions is admittedly imperfect, in that a blue-print of the scene of the accident, which the bill shows to have been offered in evidence, is neither attached to nor in any way made a part of said bill.

The charge of the court in one particular is complained of. The jury were instructed that the plaintiff's pile driver having been stationary at the time it was damaged by collision with a moving vessel, and the plaintiff being confessedly without fault, the burden of proof as to whether or not the defendants were negligent was on them. This was inconsistent with a special request given just before the general charge, and at the close of the charge counsel for plaintiff asked the trial judge to say to the jury that this rule applied only as against the owner of the schooner. After some colloquy the judge said, "Very well, I will if you insist on it. The burden is upon the plaintiff to show the negligence of the tug and the city." This was correct. But it is now urged by the city that the court failed specifically to withdraw from the jury what he had previously said upon this subject, so that they may well have been uncertain as to what the true rule was. The court's manifest opinion that the modification requested by counsel was erroneous, his plainly reluctant compliance with counsel's request, his failure to address the jury as such in express terms when he gave the modified instruction as requested, are all aggravations of the self-contradictory and misleading shape in which the charge to the jury was left.

No doubt this arose from the assumption that the colloquy between court and counsel become as clear to the jury as it did to the court. But we can not assume that the jury either gave heed to or understood what was thus said. Indeed the court failed at first to apprehend what counsel's request meant. How much less likely is it that the jury should have all drawn the proper infer-

ence from what was said, in their presence, no doubt, but not to them.

For this error, and this only, the judgment for the plaintiff below is reversed and the cause remanded for retrial of the issues joined between the plaintiff below and the city of Cleveland and no others. In all other particulars the judgment below is af-firmed.